**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATHAN BENJAMIN,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC, EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.,** | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC, NORTHWEST FEDERAL CREDIT** | ) | |
| **UNION FOUNDATION and CREDIT** | ) | |
| **SOLUTIONS CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Nathan Benjamin, against Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Northwest Federal Credit Union Foundation ("Northwest") and Credit Solutions Corp. ("Credit Solutions"), for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and other common law claims.

## THE PARTIES

1.     Plaintiff Nathan Benjamin is an adult individual residing in Missouri City, Texas.

2.     TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3.     Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

4.     Equifax is a Georgia limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

5.     Northwest is a credit union registered to conduct business in the Commonwealth of Pennsylvania.

6.     Credit Solutions is a California corporation registered to conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

7.     This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

8.     This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

9.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

10.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

11.     Mr. Benjamin is a "consumer" as that term is defined by the FCRA and FDCPA. 15 U.S.C. §1681a(c). 15 U.S.C. §1692a(3).

12.      TransUnion, Experian and Equifax are "consumer reporting agencies" as that term is defined by the FCRA.  15 U.S.C. §1681a(f).

13.     The credit reports sold by TransUnion, Experian and Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

14.     Credit Solutions is a "furnisher" as that term is defined by the FCRA.  15 U.S.C. §1681s-2(b).

15.     Credit Solutions is a "debt collector" as that term is defined by the FDCPA.  15 U.S.C. §1692a(6).

16.     The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

**A.     Allegations Relating to Breach of Contract by Northwest**

17.     Mr. Benjamin is a victim of identity theft.

18.     In or around May 2013, the perpetrator of the identify theft opened a fraudulent account with Northwest using Mr. Benjamin's information.

19.     In or around November 2015, Mr. Benjamin filed a lawsuit against Northwest alleging violations of the FCRA for failing to remove the fraudulent account from Mr. Benjamin's credit reports after Mr. Benjamin disputed the fraudulent account through the credit reporting agencies Experian, Equifax and TransUnion.

20.     In or around August 2016, Mr. Benjamin reached a settlement agreement with Northwest wherein Northwest agreed to discontinue collection activities and credit reporting of the fraudulent account.

21.     Notwithstanding the above, in or around January 2019, Northwest engaged Credit Solutions to begin collection activities against Mr. Benjamin.

22.     The fraudulent account subsequently appeared on Mr. Benjamin's Trans Union, Experian and Equifax credit reports.

23.     As of result of Northwest's conduct, Mr. Benjamin has suffered general and actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, emotional distress, including humiliation and embarrassment.

**B.     Allegations Relating to the Violations of FCRA Section 1681e(b) by Experian, Equifax and TransUnion.**

24.     TransUnion, Experian and Equifax have been and continue to sell credit reports about Mr. Benjamin.

25.     Defendants have been reporting derogatory and inaccurate statements and information relating to Mr. Benjamin and Mr. Benjamin's credit history to third parties (the "Inaccurate Information").

26.     The inaccurate information includes the reporting of the Credit Solutions collection account orginated by Northwest that was opened as a result of identity theft as stated above.

27.     The Inaccurate Information negatively reflects upon Mr. Benjamin, Mr. Benjamin's credit repayment history, Mr. Benjamin's financial responsibility as a debtor and Mr. Benjamin's credit worthiness.

28.     The information reported by Credit Solutions to Experian, Equifax and TransUnion is identical to the information previously disputed by Mr. Benjamin and was the subject of Mr. Benjamin's prior litigation against these Defendants.

29.     Experian, Equifax and TransUnion accordingly negligently and recklessly failed to employ reasonable procedures to assure maximum possible accuracy in preparing Mr. Benjamin's

reports by allowing the Credit Solutions account to be populated on his reports as these Defendants knew or should have known the tradeline involved an account that was the subject of Mr. Benjamin's previous disputes and his previous lawsuit.

30.     As of result of Experian, Equifax and TransUnion's conduct, Mr. Benjamin has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, emotional distress, including humiliation and embarrassment.

**C.**     **Allegations Relating to the Violations of FCRA Section 1681i by Experian and Equifax, and Violations of FCRA Section 1681s-2(b) and FDCPA by Credit Solutions.**

31.     Mr. Benjamin has disputed the Inaccurate Information with Defendants Experian and Equifax by following Experian and Equifax's established procedures for disputing consumer credit information.

32.     Mr. Benjamin has disputed the Inaccurate Information with Experian and Equifax from August 2020 through the present.

33.     Upon information and belief, the credit reporting agencies provided Credit Solutions with notice of Mr. Benjamin's dispute.

34.     Experian and Equifax, however, have sent Mr. Benjamin correspondence indicating their intent to continue publishing the Inaccurate Information and continue to publish and disseminate this Inaccurate Information to other third parties, persons, entities and credit grantors.

35.     Experian and Equifax thereafter repeatedly published and disseminated consumer reports to third parties from at least August 2020 through the present.

36.     Experian and Equifax negligently and recklessly failed to conduct reasonable investigations of Mr. Benjamin's disputes, inter alia, by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Mr.

Benjamin; failing to contact Mr. Benjamin to elicit more specific information about his disputes; failing to obtain and review records related to the Inaccurate Information including but not limited to Mr. Benjamin's prior dispute history and litigation history; failing to contact persons or entities affiliated with the records to verify their accuracy including but not limited to Northwest; and failing to properly communicate the substance of the disputes to the relevant furnisher of the accounts at issue.

37.    Experian and Equifax also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of Mr. Benjamin's disputes.

38.    Credit Solutions has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Mr. Benjamin's disputes from Experian and/or Equifax, inter alia, by failing to conduct any investigation into the Inaccurate Information at all; failing to properly review the relevant account information; failing to review and consider information submitted by Mr. Benjamin; failing to contact Mr. Benjamin to elicit more specific information about his disputes; failing to obtain and review the records related to the Inaccurate Information; failing to contact persons or entities affiliated with the records to verify their accuracy including but not limited to Northwest; and/or failing to report the account as disputed.

39.    Credit Solutions also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete

and misleading account information similar or identical to the result of the Mr. Benjamin's disputes.

40.     Despite Mr. Benjamin's exhaustive efforts to date, Defendants Experian, Equifax and Credit Solutions have nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the Inaccurate Information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the Inaccurate Information and have continued to report the derogatory Inaccurate Information about Mr. Benjamin.

41.     As of result of Experian, Equifax, TransUnion and Credit Solutions' conduct, Mr. Benjamin has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, time lost disputing and emotional distress, including humiliation and embarrassment.

## COUNT I – NORTHWEST
## BREACH OF CONTRACT

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Northwest breached its agreement with Mr. Benjamin by failing to discontinue collection and credit reporting activities against Mr. Benjamin as set forth above

44.     As a result of the breach of contract committed by Northwest identified herein, Northwest is liable to Mr. Benjamin for damages to include: general damages and actual damages as described above, attorneys fees and cost of litigation.

## COUNT II – TRANSUNION
## VIOLATIONS OF THE FCRA

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, TransUnion is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) as described above.

47.     The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III– EXPERIAN AND EQUIFAX
## VIOLATIONS OF THE FCRA

48.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i as set forth above.

50.     The conduct of Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian and Equifax are liable to Plaintiff for

the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT IV – CREDIT SOLUTIONS
## VIOLATIONS OF THE FCRA

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.     Credit Solutions violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

53.     Credit Solutions' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Credit Solutions is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT V – CREDIT SOLUTIONS
## VIOLATIONS OF THE FDCPA

54.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55.     Credit Solutions violated the FDCPA as described above by misrepresenting the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

56.     Credit Solutions violated the FDCPA by communicating credit information about Mr. Benjamin which it knew or which should be known to be false as described above and further failing to report said information as disputed. 15 U.S.C. §1692e(8).

9

57.     Credit Solutions also violated the FDCPA by using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Mr. Benjamin as described above. 15 U.S.C. §§ 1692e(10), 1692f.

58.     The conduct of Credit Solutions was a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Benjamin as described above.

59.     As a result of the violations of the FDCPA by Credit Solutions identified herein, it is liable to Mr. Benjamin for damages to include: statutory damages, actual damages, costs of this action and attorney's fees.  15 U.S.C. §1692k(a).

## PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and against Defendants for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: February 8, 2021